PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DANA ADAMS, <br> o/b/o DA'JE-AUNA ADAMS, | CASE NO. 4:09-CV-0230 |
| Plaintiff, | MAGISTRATE JUDGE <br> BENITA Y. PEARSON |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER <br> OF SOCIAL SECURITY, | |
| Defendant. | **MEMORANDUM OF OPINION** <br> **AND ORDER** |

This is an action for judicial review of the final decision of the Commissioner of the Social Security Administration denying Supplemental Security Income, pursuant to 42 U.S.C. § 1382c, to Plaintiff Dana Adams ("Adams"), on behalf of ("o/b/o") her daughter Da'Je-Auna Adams. The parties have consented to the jurisdiction of the undersigned Magistrate Judge.

For the reasons provided below, the Court affirms the Agency's final decision denying benefits to Plaintiff Dana Adams o/b/o Da'Je-Auna Adams.

**I. Overview**

At the time of the hearing before the Administrative Law Judge ("ALJ"), Da'Je-Auna Adams was nine years old, in the fourth grade and attending regular education classes. (Tr. 33 & 166.) Da'Je-Auna, an obviously "school-age[d] child," was not engaged in substantial gainful activity prior to the ALJ's decision. (Tr. 12.)

The ALJ found that, although Da'Je-Auna suffers from "attention deficit hyperactivity

(4:09-CV-0230)

disorder (20 CFR 416.924(c))," a severe impairment, he concluded that Da'Je-Auna does not have an impairment or combination of impairments that meets, medically, or functionally equals the listings.  (Tr. 12-20.)

As explained in greater detail below, if an impairment does not meet or medically equal a listed impairment, the ALJ may find disability if the child's impairment is functionally equivalent to a listed impairment.  To make this determination, the ALJ evaluates six areas of development or functioning.  To establish disability, the child minimally must have "Marked" limitations in at least two of the six domains or an "Extreme" limitation in one domain.  In this case, the ALJ found that Da'Je-Auna had a "Marked" limitation in the domain of attending and completing tasks, a "Less than Marked" limitation in interacting and relating to others and no limitation in the remaining four domains.  (Tr. 12.)

Adams presents only one issue for review.  She disagrees with "the ALJ's evaluation of [her daughter, Da'Je-Auna's] limitation in the domain of interacting and relating with others.  She does not dispute the ALJ's evaluation of [Da'Je-Auna's] limitations in the other five domains."  ECF No. 12 at 6.  Specifically, Adams claims, however, that "the evidence supports a finding that Da'Je-Auna has a 'marked' limitation in [the] domain" of interacting and relating with others.  ECF No. 12 at 6.  Accordingly, the matter before the Court is whether substantial evidence exists to support the ALJ's finding that Da'Je-Auna did not show a "Marked" limitation in the domain of interacting and relating with others.

(4:09-CV-0230)

## II. Procedural History

On August 4, 2005, Adam's protectively filed an application for Supplemental Security Income benefits alleging that Da'Je-Auna was disabled due to Attention Deficit Hyperactivity Disorder ("ADHD") and learning disabilities; she alleged an onset date of August 1, 2001.  (Tr. 86 & 91.)  The Agency initially denied the claim on December 19, 2005, and again upon reconsideration on May 4, 2006.  (Tr. 45 & 50.)  On May 17, 2006, Adams filed a request for an administrative hearing before an ALJ which was held on May 20, 2008.  (Tr. 28 & 53.)  The ALJ held a hearing *via* video conferencing technology during which Adams, Da'Je-Auna, and their counsel participated.[1]  (Tr. 9 & 28.)  The ALJ issued a decision denying benefits on July 17, 2008, ultimately concluding that Da'Je-Auna "does not have an impairment or combination of impairments that results in either 'marked' limitations in two domains of functioning or 'extreme' limitation in one domain of functioning," as required to find a minor claimant disabled.  (Tr. 20.)

Da'Je-Auna's request for a review of the ALJ's decision by the Appeals Council was denied on December 11, 2008, making the ALJ's decision dated July 17, 2008, the final decision of the Agency.  (Tr. 2.)  Seeking a review of the Agency's final decision, Adam's timely filed a Complaint with this Court asserting the following issue:

> WHETHER THE COMMISSIONER'S DECISION IS SUPPORTED BY SUBSTANTIAL EVIDENCE WHEN THE EVIDENCE OF RECORD DEMONSTRATES THAT CLAIMANT'S IMPAIRMENT FUNCTIONALLY EQUALS THE LISTINGS.

---

[1] The ALJ presided from Falls Church, Virginia and Adams, Da'Je-Auna and their counsel, were in Cleveland, Ohio.  (Tr. 9 & 28.)

(4:09-CV-0230)

## III. Law and Analysis

### A. Judicial Review of a Final Agency Decision

Judicial review of the ALJ's decision denying disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the ALJ properly applied relevant legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Under 42 U.S.C. § 405(g), the findings of the ALJ are conclusive if they are supported by substantial evidence.

The substantial evidence standard presupposes that there is a "zone of choice" within which the Agency may proceed without interference from the courts. *Mullen*, 800 F.2d 535, 545 (6th Cir. 1986) (*quoting Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)). The ALJ's decision must be affirmed if it is supported by substantial evidence even if the reviewing court would have decided the matter differently, and even if substantial evidence also supports a different conclusion. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen*, 800 F.2d at 545. "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

In determining the existence of substantial evidence, the reviewing court must examine

(4:09-CV-0230)

the administrative record as a whole. *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981); *Heston v. Comm'r of Soc. Sec.,* 245 F.3d 528, 535 (6th Cir. 2001). The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ. *Mullen*, 800 F.2d at 545. The reviewing court, however, may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard*, 889 F.2d at 681; *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### B. Determination of Disability in a Minor

An individual under the age of 18 will be considered disabled if she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382(c)(3)(i); 20 C.F.R. §§ 416.906, 416.911(b). The regulations prescribe a three-step sequential evaluation process. *See* 20 C.F.R. § 416.924(a). At Step One, a child will be found "not disabled" if he/she is engaging in substantial gainful activity. *See* 20 C.F.R. § 416.924(b). At Step Two, a child will be found "not disabled" if he/she does not have an impairment or combination of impairments that is severe, *i.e*., impairments that cause no more than minimal functional limitations. *See* 20 C.F.R. § 416.924(c). At Step Three, a child will be found "disabled" if he/she has an impairment or combination of impairments that meets, medically equals, or functionally equals an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *See* 20 C.F.R. § 416.924(d).

If a child does not meet or medically equal a Listing, in order to determine whether a child's impairment(s) functionally equals a Listing at Step Three, the ALJ must assess the functional limitations caused by the impairment(s) by considering how a child functions in the

(4:09-CV-0230)

following six domains:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i)-(vi); *see also* 20 C.F.R. § 416. 926a(a). "The Commissioner will consider as evidence of limitations and restrictions the assessments of treating and other medical sources, information from parents and teachers, and assessments made after consultative examinations." *Matos v. Comm. Soc. Sec.*, 320 F.Supp.2d 613, 615 (N.D. Ohio 2004). If a child's impairment(s) results in "Marked" limitations in two domains or an "extreme" limitation in one domain and meets the duration requirements, the impairment(s) functionally equal(s) the listings and the child will be found disabled. *See* 20 C.F.R. § 416. 926a(d).

The ALJ ruled in favor of the claimant at Steps One and Two. With regard to Step One, the ALJ determined that Da'Je-Auna was "a preschooler on August 4, 2005, the date the application was filed, and is currently a school-age child (20 CFR 416.926a(g)(2))," who was not engaged in substantial gainful activity. (Tr. 12.) At Step Two, the ALJ determined that Da'Je-Auna had the following severe impairment: attention deficit hyperactivity disorder.[2] (Tr. 12.)

---

[2] It is of no significance to the outcome that the ALJ did not find Da'Je-Auna's alleged "learning disabilities" to be a severe impairment given that finding even one severe impairment necessitates the consideration of other alleged impairments. *See Maziarz v. Sec'y of Health &*

(4:09-CV-0230)

Neither party contests the ALJ's findings at Steps One or Two. The dispute arises at Step Three which required a finding that Da'Je-Auna's impairment met or medically or functionally equaled a listing. Adams does not contend that Da'Je-Auna's attention deficit hyperactivity disorder establishes medical equivalence. Rather, she claims that Da'Je-Auna's impairment is functionally equivalent to a listed disability.

Adams seeks relief from the ALJ's finding (in Step Three) that Da'Je-Auna did not have an impairment or combination of impairments causing a "Marked" limitation in at least two domains.[3]

The Agency defines a "Marked" limitation as follows:

(2) Marked limitation.

(i) We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. §§ 416.926a(e)(2)(i), (e)(3)(i).

In the instant matter, the ALJ found that Da'Je-Auna did not demonstrate a "Marked"

---

*Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Additionally, the review of Da'Je-Auna's functioning necessitated a consideration of any limitation to her ability to learn.

[3] It is Adams's position that Da'Je-Auna has a "Marked" limitation in two domains — specifically, in the domains of attending and completing tasks and interacting and relating with others — that requires a finding of disabled. ECF No. 12 at 7.

-7-

(4:09-CV-0230)

limitation in two domains or an "Extreme" limitation in any domain.[4] The ALJ found that Da'Je-Auna had a "Marked" limitation in the domain of attending and completing tasks and a "Less than Marked" limitation in interacting and relating to others with no limitation in the remaining domains. Da'Je-Auna argues that the ALJ's finding is incorrect because she has a "Marked" limitation in the domain of interacting and relating to others. The Court (like the parties) limits its review to the one disputed domain.[5]

Based upon the Court's review of the record, the ALJ's finding regarding the domain of interacting and relating with others is supported by substantial evidence and, as a result, clearly within his zone of choice.

### C. Substantial Evidence Supports the ALJ's Finding of "Less than Marked" in the Domain of Interacting and Relating with Others

Adams argues that the ALJ erred in finding Da'Je-Auna's limitation in the domain of interacting and relating with others to be "Less than Marked" and that substantial evidence does not support the ALJ's finding.[6] She also argues that the evidence supports a finding of a

---

[4] A finding of an "Extreme" limitation in at least one domain would also establish a functional equivalent to a listed impairment; Da'Je-Auna does not, however, claim an "Extreme" limitation.

[5] Arguments not raised are deemed waived. *Giesse v. Sec'y of Dept. of Health & Human Servs.*, 522 F.3d 697, 705 (6th Cir. 2008) (*citing Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 544 n. 8 (6th Cir.2002) ("It is well established that an issue not raised in a party's briefs may be deemed waived."); *Thaddeus-X v. Blatter*, 175 F.3d 378, 403 n. 18 (6th Cir.1999) (stating that an argument not raised in the initial brief is waived)).

[6] 20 C.F. R. 416.926a(i)(3) provides the following non-exhaustive examples of limited functioning in Interacting and Relating with others:
> The following examples describe some limitations we may consider in this domain. Your limitations may be different from the ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example

-8-

(4:09-CV-0230)

"Marked" limitation in that domain. ECF No. 12 at 6. In support of her position, Adams directs the Court to her daughter's school records, teachers' reports, therapist's reports and her own (the mother's) testimony during the hearing as evidence of Da'Je-Auna's behavior resulting from "ADHD ha[ving] very seriously interfered with [Da'Je-Auna's] ability to interact and relate with others appropriately." ECF No. 12 at 6-7. Adams also criticizes the ALJ's articulation of his analysis underpinning his conclusion. (Tr. 6.) The Commissioner responds that "in light of the evidence before the ALJ . . . the ALJ properly found that Plaintiff had less than marked limitations in interacting and relating to others." ECF No. 14 at 10. For the reasons described below, Adam's arguments are overruled.

In finding Da'Je-Auna not disabled, the ALJ summarized as follows:

> Considering the claimant's placement in regular classes, testimony from the claimant's representative and parents regarding the claimant's behavior issues, the medical treatment records discussed above, the finding, and the medical consultant's

---

applies in your case may depend on your age and developmental stage; *e.g.*, an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.
(i) You do not reach out to be picked up and held by your caregiver.
(ii) You have no close friends, or your friends are all older or younger than you.
(iii) You avoid or withdraw from people you know, or you are overly anxious or fearful of meeting new people or trying new experiences.
(iv) You have difficulty playing games or sports with rules.
(v) You have difficulty communicating with others; *e.g.*, in using verbal and nonverbal skills to express yourself, carrying on a conversation, or in asking others for assistance.
(vi) You have difficulty speaking intelligibly or with adequate fluency.

-9-

(4:09-CV-0230)

> opinion at Exhibit 3F, all of which suggest the claimant is [a] normal young girl with some behavior problems as a result of her ADHD, I conclude that the claimant's subjective complaints and alleged limitations are not fully persuasive and that she retains the capacity to function within our society and is not disabled.

(Tr. 14.)  With respect to the domain of interacting and relating with others[7], the ALJ summarized:

> At the hearing and in other settings in the record, the claimant is a pleasant girl, able to respond to persons in a courteous manner.  However, [s]he has a history of difficulties in school in her dealings with other students.  In March 2008, she received a three-day suspension for kicking and punching a fellow student in the cafeteria.  Overall she has aggressive tendencies towards others as noted by teachers.

(Tr. 17.)  These statements in conjunction with the balance of the ALJ's written decision amply explain how he reached his conclusion that Da'Je-Auna's functioning in the domain of interacting and relating with others is "Less than Marked."

In his written opinion, the ALJ detailed that, in September 2005, Da'Je-Auna's first grade teacher described her as "'sweet' with good manners and a positive attitude, but often had difficulty controlling her behavior . . . ."  (Tr. 14 & 111.)  Da'Je-Auna's first grade teacher also noted that, "as the year went on," Da'Je-Auna "started controlling herself a little bit better in the classroom."  (Tr. 111.)

---

[7] The age group descriptor for the domain of interacting and relating with others for an individual of Da'Je-Auna's age is as follows:
> School-age children (age 6 to attainment of age 12). When you enter school, you should be able to develop more lasting friendships with children who are your age. You should begin to understand how to work in groups to create projects and solve problems. You should have an increasing ability to understand another's point of view and to tolerate differences. You should be well able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand.

20 C.F.R. § 416.926a(i)(2)(iv).

(4:09-CV-0230)

In February 2006, Da'Je-Auna's second grade teacher completed a "Teacher Questionnaire" provided by the Agency that solicited her opinion on Da'Je-Auna's functioning in the domain of interacting and relating with others.  (Tr. 125-32.)  That teacher generally indicated that Da'Je-Auna had problems functioning in this domain but when called upon to explain her overall assessment, she did not assess a "serious" or "very serious problem" with any of the activities listed for the domain of interacting and relating with others.  (Tr. 128.)  Of the thirteen skills surveyed, this same teacher noted that Da'Je-Auna had "no problem" with nine of the thirteen activities; a "slight problem" with seeking attention appropriately and following rules; and "an obvious problem" with playing cooperatively with other children and in taking turns in a conversation.  (Tr. 128.)

During that same academic year (2005-2006), Da'Je-Auna received two disciplinary referral forms.  (Tr. 157-58.)  The January 2006 referral cited her for being "disrespectful" by repeatedly "interrupting reading groups and bothering the girl behind her."  (Tr. 158.)  The March 2006 referral charged her with "yelling out and being out of her seat."  (Tr. 157.)

In April 2008, Da'Je-Auna's fourth grade teacher's responses to a questionnaire indicated that Da'Je-Auna performs math at a rate accelerated for her grade; although proficient in reading according to her test score, she is one year behind in her reading ability; struggles to write; and is behind in her spelling ability.  (Tr. 166-169.)  This same teacher remarked that Da'Je-Auna "speaks what's on her mind" and that, in the opinion of that teacher, this "trouble 'filtering' [] hinder[s] . . .[Da'Je-Auna's] relationships with students and teachers."  (Tr. 169.)

The ALJ discussed the findings of a state agency medical consultant, Michael D.

-11-

(4:09-CV-0230)

Wagner, Ph.D., who submitted his report on December 9, 2005.  (Tr. 175-80.)  Dr. Wagner found no limitation in Da'Je-Auna's ability to interact and relate with others.  The ALJ disagreed with Dr. Wagner's lesser rating and determined that the evidence supported that Da'Je-Auna showed a "Less than Marked" limitation in this domain "due to her history of fights in school and general difficulty she has getting along with peers."  (Tr. 14.)  A second state agency medical consultant, Nancy McCarthy, on April 27, 2006, determined that Da'Je-Auna had a "Less than Marked" limitation in the domain of interacting and relating with others.  (Tr. 192.)  She noted, "[Da'Je-Auna] [g]enerally seems to get along with others, but ADHD [does] cause some social maladaptation."  (Tr. 192.)

Da'Je-Auna began to receive treatment from the D & E Youth & Family Resource Center in August 2005.  (Tr. 172.)  In October 2005, the therapist treating Da'Je-Auna, Rochelle R. Perrotta, noted that Da'Je-Auna had not been prescribed medicine and was described by her parents as "generally display[ing] good social skills, but" is "hyperactive" and "disruptive."  (Tr. 173-74.)  On March 2, 2006, Ms. Perrotta noted that Adams reported a worsening of Da'Je-Auna's social skills and difficulty cooperating with peers.  (Tr. 186.)  However, in response to the question, "How does the claimant relate to you and other staff members?" Ms. Perrotta answered, "Client is easy to engage during sessions and cooperative."  (Tr. 186.)

Da'Je-Auna was also seen by a psychiatrist at D & E Counseling Center who eventually prescribed (Adderall) medication for her ADHD.  After changing her medication from Adderall and eventually settling on Concerta, her psychiatrist noted improvement in Da'Je-Auna's behavior starting in June 2007.  (Tr. 222.)  As of September 2007, Da'Je-Auna reported to her

(4:09-CV-0230)

psychiatrist that she likes her new school, her grades improved, she has good behavior and has no side effects from Concerta.  (Tr. 220.)  Her psychiatrist consistently reported his impression of Da'Je-Auna as "quiet" and "cooperative."  (Tr. 218-33.)  The ALJ's written decision "recognized that [Da'Je-Auna] continues to have difficulty focusing and has difficulty completing tasks as doctors figure out the right balance of medications to control" her ADHD, but "her condition has not worsened."  (Tr. 14.)

There is no dispute that the evidence shows some limitation in Da'Je-Auna' ability to interact and relate with others.  The dispute centers around the degree of that limitation – whether it rises to the level of "Marked" or even "Extreme."  The ALJ's decision that a "Less than Marked" limitation in this domain is clearly supported by the teachers', therapist's, and psychiatrist's reports.  None of the teachers or medical or psychiatric professionals concluded that Da'Je-Auna had a "Marked" or greater limitation in the domain of interacting and relating with others.  As importantly, none of these sources' descriptions of Da'Je-Auna's limitations equate to a "Marked" limitation or "Extreme" limitation in the domain of interacting and relating with others.

It is well settled that the ALJ's decision must be affirmed if it is supported by substantial evidence even if the reviewing court would have decided the matter differently, and even if substantial evidence also supports a different conclusion.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d at 389-90; *Mullen*, 800 F.2d at 545.  The Court's review of the ALJ's written decision, administrative record, pleadings and pertinent regulations show that the ALJ's conclusion that Da'Je-Auna has "Less than Marked" functioning in the domain of interacting and relating with

-13-

(4:09-CV-0230)

others is supported by substantial evidence, sufficiently articulated, and is within the Agency's zone of choice. *Mullen*, 800 F.2d 535, 545 (6th Cir. 1986) (*quoting Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)). As importantly, the ALJ had made no error in the application of the Agency rules or binding law forfeiting his right to the Court's deference to his finding.

### IV. Conclusion

The Court finds that substantial evidence exists to support the ALJ's decision that Da'Je-Auna Adams did not suffer "Marked Limitation" in at least two domains or "Extreme Limitation" in one domain of functioning and, therefore, is not disabled and eligible for Social Security benefits.

For the reasons stated above, the Court AFFIRMS the final decision of the Commissioner denying benefits to Plaintiff Dana Adams, on behalf of her daughter, Da'Je-Auna Adams.

IT IS SO ORDERED.

| | |
|---|---|
| August 24, 2010 | s/ *Benita Y. Pearson* |
| Date | United States Magistrate Judge |